Filed 4/10/25  P. v. Reyes CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D084210 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE230338) |
| JOHN JACOB REYES, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

John Reyes, in pro. per.; and Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant John Jacob Reyes appeals from the superior court's order denying his postconviction petition seeking resentencing pursuant to Penal Code[1] section 1172.6.[2]  His appellate counsel filed a brief pursuant to

---

[1]    All further undesignated statutory references are to the Penal Code.

*People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Reyes filed a supplemental brief.[3]  We have reviewed the issues raised in Reyes's supplemental brief and have independently reviewed the record.  (*Id*. at p. 232.)  We find no reasonably arguable appellate issues and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, a jury convicted Reyes of second-degree murder (§ 187, subd. (a)); vehicular manslaughter with gross negligence (§ 192, subd. (c)(1)); automobile theft (Veh. Code, § 10851, subd. (a)); two counts of driving without a license (Veh. Code, § 12500, subd. (a)); giving false information to a peace officer (Veh. Code, § 31); and evading a peace officer with reckless driving (Veh. Code, § 2800.2, subd. (a)).  The trial court also found Reyes had two prior prison convictions (§ 667.5, subd. (b)), and as to the automobile theft conviction, he had been previously convicted of an automobile theft-related crime (§ 666.5, subd. (a)).  The court sentenced him to 15 years to life for the murder plus an additional three years and eight months.

This court affirmed the judgment in the direct appeal.  (*People v. Reyes* (Mar. 9, 2006, D045393) [nonpub. opn.].)

On December 22, 2023, Reyes submitted a pro. per. section 1172.6 petition for resentencing, alleging he could no longer be convicted of murder under the amendments to sections 188 and 189.  Reyes mailed the petition to the People and the Office of the Public Defender.  However, it does not appear the petition was ever filed in the superior court.  Nevertheless, the People

---

[2]    Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6 with no change in text.  (See Stats. 2022, ch. 58, § 10.)  We refer to the statute by its current designation.

[3]    Reyes's motion seeking to augment the record, filed by appointed counsel, is granted.  The document attached to the motion to augment is hereby deemed part of the record on appeal.

filed a response to the petition, and the Office of the Public Defender filed a reply on Reyes's behalf.

On May 17, 2024, the superior court issued a written decision denying the petition. The court noted it "technically lack[ed] jurisdiction" over the petition, because the petition was never properly served on the court. However, since the petition was fully briefed, the court addressed the merits, concluding Reyes failed to state a prima facie claim for relief.

## DISCUSSION

Reyes's appellate counsel has filed a brief raising no issues and requesting this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. Counsel identifies the following issues to assist the court in its review: (1) Did the court err in denying Reyes's petition at the prima facie stage?; (2) Did the court err in ruling on the petition without formally appointing counsel, setting a briefing schedule, or holding a hearing?; and (3) Did the court err in ruling that it lacked jurisdiction over the petition?

Based on our independent review of the record, we conclude the court properly denied Reyes's section 1172.6 petition at the prima facie stage. There is no indication in the record that the jury was instructed regarding aiding and abetting, the natural and probable consequences doctrine, or the felony murder rule. There were no codefendants at Reyes's trial. Reyes was not an aider and abettor or major participant; he was the direct perpetrator of the murder. He is therefore ineligible for section 1172.6 relief as a matter of law. (See *People v. Garcia* (2022) 82 Cal.App.5th 956, 969–971 [affirming denial of section 1172.6 petition where record of conviction "unequivocally establishes" defendant was the sole perpetrator].)

We acknowledge that the superior court denied Reyes's petition without holding a hearing, formally appointing counsel, or setting a briefing schedule.

3

Additionally, in concluding Reyes failed to state a prima facie case for relief, the superior court indicated that it technically lacked jurisdiction over the petition because it was never received by the court. To the extent the superior court did not strictly comply with section 1172.6, we find any error harmless because Reyes is ineligible for section 1172.6 relief as a matter of law. (See *People v. Lewis* (2021) 11 Cal.5th 952, 973; *People v. Vance* (2023) 94 Cal.App.5th 706, 714.)

Reyes's contentions in his supplemental brief are without merit. He contends he did not purposefully kill the victim, and thus, the jury would have been unable to find he acted with express malice. However, the jury was instructed that Reyes could be found guilty of murder based on express *or* implied malice. While section 1172.6 prohibits reliance on imputed malice theories, murder convictions based on implied malice remain valid under current law. (Pen. Code, § 188, subd. (a)(3); see *People v. Schell* (2022) 84 Cal.App.5th 437, 442 [second degree implied malice murder remains valid notwithstanding Senate Bill No. 1437].)

Also in his supplemental brief, Reyes asserts that his conviction for vehicular manslaughter with gross negligence shows that the jury did not find he possessed the requisite mental state for implied malice. "Implied malice contemplates a subjective awareness of a higher degree of risk than does gross negligence, and involves an element of wantonness which is absent in gross negligence." (*People v. Watson* (1981) 30 Cal.3d 290, 296.) In this case, the jury was given separate instructions for implied malice and vehicular manslaughter, which clearly articulated the differences between the two mental states. Thus, the jury could not have convicted Reyes of murder if it did not find he acted with the requisite mental state. (See

4

*People v. Valdez* (2011) 201 Cal.App.4th 1429, 1437 [we presume the jury followed the trial court's instructions].)

## DISPOSITION

The order denying Reyes's petition for resentencing under section 1172.6 is affirmed.

DATO, Acting P. J.

WE CONCUR:

BUCHANAN, J.

CASTILLO, J.